MICHAEL R. SIMMONDS (SBN 96238)
msimmonds@snllp.com
LINDSEY A. MORGAN (SBN 274214)
lmorgan@snllp.com
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile: (415) 352-2625

Attorneys for Defendant
Portfolio Recovery Associates, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDVIN KESHISHYAN, | ) CASE NO.: 2:12-CV-08600-ABC-JEM |
| Plaintiff, | ) |
| vs. | ) **ANSWER TO COMPLAINT BY DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC** |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) |
| Defendant. | ) |

Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant") hereby submits the following Answer to the Complaint ("Complaint") filed in this action by plaintiff EDVIN KESHISHYAN ("Plaintiff"):

1.  In answering Paragraph 1 of the Complaint, Defendant avers that the contents of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, *et seq.* ("Rosenthal Act"), and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"), are self-explanatory. Defendant can neither admit nor deny whether Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), because Defendant lacks knowledge or information sufficient for form a belief about the truth of the allegation that Plaintiff's financial obligation was incurred primarily for personal, family or household purposes, and on that basis Defendant denies the allegation. Defendant denies that it violated the Rosenthal Act, FDCPA, or the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* Except as herein admitted, the remaining allegations of Paragraph 1 are denied.

2.  In answering Paragraph 2 of the Complaint, Defendant lacks information and knowledge sufficient to form a belief about the truth of the allegation that Plaintiff is a natural person residing in Los Angeles county, and on that basis Defendant denies the allegation. Defendant can neither admit nor deny whether Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) or a "debtor" as defined by Cal. Civ. Code § 1788.2(h) because Defendant lacks knowledge or information sufficient for form a belief about the truth of the allegation that Plaintiff's financial obligation was incurred primarily for personal, family or household purposes, and on that basis Defendant denies the allegations. Except as herein admitted, the remaining allegations of Paragraph 2 are denied.

3.  In answering Paragraph 3 of the Complaint, Defendant admits that it is a company which, at times, conducts certain business by use of the mails and telephone within this judicial district. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation that the financial

obligations referred to in Paragraph 3 were incurred primarily for personal, family or household purposes and therefore can neither admit nor deny whether the financial obligation is a "debt" as defined by 15 U.S.C. § 1692a(5) or a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f), nor whether it was acting as a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c) for the purposes of this action, and on that basis Defendant denies the allegations. Except as herein admitted, the remaining allegations of Paragraph 3 are denied.

4.  In answering Paragraph 4 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation that the financial obligations referred to in Paragraph 3 were incurred primarily for personal, family or household purposes and therefore can neither admit nor deny whether the financial obligation is a "debt" as defined by 15 U.S.C. § 1692a(5) or a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f), nor whether it was acting as a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c) for the purposes of this action. Defendant admits that it attempted to contact Plaintiff. Except as herein admitted, the remaining allegations of Paragraph 4 are denied.

5.  Defendant denies the allegations in Paragraph 5 of the Complaint.

6.  Defendant denies the allegations in Paragraph 6 of the Complaint, including subparagraphs (a) through (e).

7.  Defendant denies the allegations in Paragraph 7 of the Complaint, including subparagraph (a).

8.  In answering paragraph 8 of the Complaint, Defendant denies all allegations of wrongdoing and denies that Plaintiff is entitled to any relief requested.

9.  In answering Paragraph 9 of the Complaint, Defendant incorporates by reference paragraphs 1 through 8 above as if fully set forth herein.

10. In answering paragraph 10 of the Complaint, Defendant denies all allegations of wrongdoing and denies that Plaintiff is entitled to any relief requested.

11. In answering Paragraph 11 of the Complaint, Defendant incorporates by reference paragraphs 1 through 10 above as if fully set forth herein. Defendant denies all allegations of wrongdoing and denies that Plaintiff is entitled to any relief requested.

12. In answering Paragraph 12 of the Complaint, Defendant incorporates by reference paragraphs 1 through 11 above as if fully set forth herein.

13. In answering paragraph 13 of the Complaint, Defendant denies all allegations of wrongdoing and denies that Plaintiff is entitled to any relief requested.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations/Laches)

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE
### (Bona Fide Error)

To the extent that any violation of law occurred, which Defendant expressly denies, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendant of procedures reasonably adapted to avoid any such error.

///

///

## FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
### (No Willful Conduct)

Defendant acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct was not willful and should not give rise to liability.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that he may have and is therefore barred from recovering damages, if any, from Defendant.

## SEVENTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff has waived his rights, if any, to recover the relief he seeks in the Complaint based upon his own conduct and admissions with respect to the financial obligation at issue.

## EIGHTH AFFIRMATIVE DEFENSE
### (Good Faith)

Defendant has, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

## NINTH AFFIRMATIVE DEFENSE
### (Apportionment)

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendant. The liability, if any exists, of

1 Defendant and/or any responsible parties, named or unnamed, should be apportioned
2 according to their relative degrees of fault, and the liability of Defendant should be
3 reduced accordingly.

**TENTH AFFIRMATIVE DEFENSE**

**(Supervening Cause)**

6 The causes of action in the Complaint are barred, in whole or in part, to the
7 extent that any injury or loss sustained was caused by intervening or supervening
8 events over which Defendant had or has no control.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Equitable Indemnity)**

11 To the extent that Plaintiff has suffered any damage as a result of any alleged
12 act or omission of Defendant, which Defendant denies, Defendant is entitled to
13 equitable indemnity according to comparative fault from other persons and/or entities
14 causing or contributing to such damages, if any.

**TWELFTH AFFIRMATIVE DEFENSE**

**(First Amendment)**

17 Defendant's conduct is protected under the First Amendment of the United
18 States Constitution and the California Constitution.  Plaintiff's proposed
19 interpretation of provisions of the FDCPA and the Rosenthal Act must be rejected as
20 it would place an unreasonable restraint upon Defendant's First Amendment rights,
21 thereby raising serious constitutional issues.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Materiality)**

24 To the extent that any of the communications by Defendant are deemed to be
25 false or misleading, which Defendant expressly denies, they were not materially false
26 or misleading and therefore are not actionable under the FDCPA and Rosenthal Act.
27 ///
28 ///

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Standing)**

Plaintiff has not suffered any injury in Complaint as a result of Defendant's alleged conduct and therefore lacks standing to sue.

WHEREFORE, Defendant requests judgment as follows:

1. That Plaintiff takes nothing by the Complaint, which should be dismissed with prejudice.

2. That Defendant recover from Plaintiff costs according to proof.

3. That Defendant recover attorneys' fees according to proof.

4. That the Court orders such other further reasonable relief as the Court may deem just and proper.

DATED: October 12, 2012          SIMMONDS & NARITA LLP
                                 MICHAEL R. SIMMONDS
                                 LINDSEY A. MORGAN

                                 By:   s/Lindsey A. Morgan
                                       Lindsey A. Morgan
                                       Attorneys for Defendant
                                       Portfolio Recovery Associates, LLC